UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 9:03-CR-24 |
| | § | |
| JAVIAN LAFEE BROOKS | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant for Offender Under Supervision," filed May 3, 2007, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on October 28, 2003, before The Honorable John Hannah, Jr., of the Eastern District of Texas after pleading guilty to the offense of Receipt of a Firearm While Under Indictment, a Class D felony. This offense carried

a statutory maximum imprisonment term of five years.  The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of III, was 24 to 30 months.  Defendant was subsequently sentenced to 24 months imprisonment and two years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug treatment; and $100 special assessment.

## II. The Period of Supervision

On August 4, 2006, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas, on September 22, 2006.  On October 6, 2006, the court modified defendant's conditions of supervision by adding that he reside in a community corrections center for a period of 120 days.  On March 2, 2007, he successfully completed said term and was released from Bannum Place of Beaumont.

## III. The Petition

United States Probation filed the pending Petition for Warrant for Offender Under Supervision on May 3, 2007.  The petition alleges that defendant violated the following conditions of release:

    Mandatory Condition:    Defendant shall not commit another federal, state, or local crime.

| | |
|---|---|
| Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Standard Condition: | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that on March 30, 2007, defendant illegally possessed controlled substances, was arrested by Beaumont Police Department and charged with possession of controlled substance, and failed to notify his probation officer that he was arrested.  On October 6, 2006 and October 24, 2006, defendant allegedly submitted urine specimens which tested positive for marijuana.  On March 10, 2007, defendant allegedly submitted a urine specimen which tested positive for cocaine.  Defendant allegedly failed to attend a group treatment on March 6, 2007, March 27, 2007, and April 3, 2007.  Additionally, he allegedly failed to submit a urine specimen on March 8, 2007, as directed.  On April 19, 2007, he was unsuccessfully discharged from the treatment program.

### IV.  Proceedings

On September 26, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to participate in a program of testing and treatment for drug abuse.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose eight (8) months imprisonment, with a one (1) year term of supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to participate in a program of testing and treatment for drug abuse.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may

revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to participate in a program of testing and treatment for drug abuse, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to participate in a program of testing and treatment for drug abuse. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to participate in a program of testing and treatment for drug abuse. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by failing to participate in a program of testing and treatment for drug abuse, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of eight (8) months.

4. Upon release from imprisonment, defendant shall be placed on supervised release for a term of 12 months. Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which defendant is released. While on supervised release, defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

    a. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

    b. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as defendant is released from the program by the probation officer.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __28__ day of September, 2007.

_____
Earl S. Hines
United States Magistrate Judge