# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 9:03-cr-24-001

FILED: **11/23/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

United States of America

v.

Javian Lafee Brooks

        Defendant

### Report and Recommendation Re: Petition for Warrant or Summons for Offender Under Supervision

   Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 17, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on October 28, 2003, before The Honorable John Hannah, Jr., U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of receipt of a firearm while under indictment, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of III, was 24 to 30 months. Defendant was subsequently sentenced to 24 months imprisonment followed by 2 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; substance abuse treatment and testing; and a $100 special assessment.

## II. The Period of Supervision

On August 4, 2006, defendant completed his period of imprisonment and began service of the supervision term. This term of supervised release was revoked on September 28, 2007, and defendant was sentenced to 8 months of imprisonment followed by 12 months of supervised release subject to the standard conditions of release, plus special conditions substance abuse treatment and testing, and a $100 special assessment.

On January 8, 2009, defendant completed his period of imprisonment and began service of the supervision term. This term of supervised release was revoked on December 7, 2009, and defendant was sentenced to 8 months of imprisonment followed by 12 months of supervised release subject to the standard conditions of release, plus special conditions substance abuse treatment and testing, and mental health treatment.

On July 9, 2010, defendant completed his period of imprisonment and began service of the supervision term.

Defendant's case was later reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas.

## III. The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on November 17, 2010. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| 1. Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |
| 2. Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| 3. Standard Condition: | Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. |
| 4. Standard Condition: | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| 5. Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

>     6. Standard Condition:          Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

As grounds, the petition alleges that: 1. Defendant submitted a urine specimen on October 19, 2010, which tested positive for marijuana. Defendant signed a written statement admitting to smoking marijuana; 2. Defendant submitted a urine specimen on October 26, 2010, which tested positive for amphetamines, marijuana and PCP. Defendant denied any use of amphetamines or PCP; however, the urine sample was forwarded for confirmation testing to Alere Laboratory, which confirmed on November 3, 2010 that the urine sample was positive for amphetamines, marijuana and PCP; 3. Defendant submitted a urine specimen on November 1, 2010,which tested positive for benzodiazepine, cocaine, PCP and marijuana. Defendant denied any use of illegal substances; however, the urine sample was forwarded to Alere Laboratory, which confirmed on November 5, 2010 that the urine sample was positive for benzodiazepine, cocaine, PCP and marijuana; 4. Defendant was instructed by U.S. Probation Officer Susan Budjenska to report in person on October 28, 2010, to the U.S. Probation Office in Lufkin, Texas, and defendant did not so report; 5. Defendant failed to submit random urine specimens on September 30, 2010; October 7, 2010; October 12, 2010; and October 28, 2010; and 6. Defendant has not secured employment since his release from federal imprisonment on July 9, 2010.

## IV. Proceedings

On November 19, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of

supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to not illegally possess a controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with the remaining alleged violations of supervised release conditions. Further, the parties agreed that the court should revoke defendant's supervised release and impose 8 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to not illegally possess a controlled substance.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years. However, since the defendant was previously revoked on

two separate occasions and received a total of 16 months in custody, his new statutory maximum imprisonment sentence is 8 months.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Should the Court find that defendant violated his conditions of supervised release by possessing marijuana, he will be in violation of Texas Health and Safety Code § 481.121 and be guilty of committing a Grade C violation.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to not illegally possess a controlled substance, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5-11 months. However, since defendant was previously revoked, the maximum amount of time available to impose upon revocation of this term of supervised release is 8 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or

vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to not illegally possess a controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by submitting a urine specimen on October 19, 2010,which tested positive for marijuana.

**Conclusions and Justification:**

Defendant's violation is a Grade C violation, and defendant's criminal history category is III. Policy guidelines suggest 5-11 months; however, as defendant was previously revoked, the maximum amount of time available to

impose upon revocation of this term of supervised release is 8 months imprisonment. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to not illegally possess a controlled substance, and defendant has become a danger to the community as demonstrated by his recent drug use. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration with no supervised release to follow.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to not illegally possess a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 8 months.

4. No supervised release to follow.

5. The court should request that Defendant serve his term of incarceration in the Beaumont Federal Correctional Complex of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and

consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this  23  day of November, 2010.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge